SLIP OPINION



# SUPREME COURT OF ARKANSAS

IN RE ARK. R. CRIM. P. 1.8 & 7.1;
AND ARK. SUP. CT. R. 6-6

**Opinion Delivered** September 26, 2013

## PER CURIAM

We published for comment proposals of the Supreme Court Committee on Criminal Practice. *See In re Committee on Criminal Practice – Proposed Rule Changes*, 2013 Ark. 279 (per curiam). We adopt the proposals and republish the rules as set out below. The changes are effective immediately.

We again express our gratitude to the members of the Criminal Practice Committee for their work.

### Arkansas Rules of Criminal Procedure

### Rule 1.8. Criminal Magistrates.

. . . .

(b) A criminal magistrate may perform the following duties with respect to an investigation or prosecution of an offense lying within the exclusive jurisdiction of the circuit court:

(i) Issue a search warrant pursuant to Rule 13.1.

(ii) Issue an arrest warrant pursuant to Rule 7.1 or Arkansas Code § 16–81–104, or issue a summons pursuant to Rule 6.1.

(iii) Make a reasonable cause determination pursuant to Rule 4.1(e).

(iv) Conduct a first appearance pursuant to Rule 8.1, at which the criminal magistrate may appoint counsel pursuant to Rule 8.2; inform a defendant pursuant to Rule 8.3; accept a plea of "not guilty" or "not guilty by reason of insanity"; conduct a pretrial release inquiry pursuant to Rules 8.4 and 8.5; or release a defendant from custody pursuant to Rules 9.1, 9.2, and 9.3.

(v) Conduct a preliminary hearing as provided in Ark. Code Ann. § 16-93-307(a).

. . . .

**Rule 7.1. Arrest with a warrant: basis for issuance of arrest warrant.**

(a) A judicial officer may issue an arrest warrant for a person who has failed to appear in response to a summons or citation.

(b) In addition, a judicial officer may issue a warrant for the arrest of a person if, from affidavit, recorded testimony, or other information, it appears there is reasonable cause to believe an offense has been committed and the person committed it. A judicial officer may issue a summons in lieu of an arrest warrant as provided in Rule 6.1.

(c) A judicial officer who has determined that an arrest warrant should be issued may authorize the clerk of the court or his deputy to issue the warrant.

*Reporter's Notes, 2013 Amendment*.

The 2013 amendment made it clear that in all situations in which a warrant should issue, the judicial officer may delegate the actual issuance of the warrant to a

clerk or deputy clerk.

**Rules of the Supreme Court and Court of Appeals**

**Rule 6–6. Pauper's oath and motions for attorney's fees in criminal cases.**

(a) *Jurisdiction of request to proceed in forma pauperis.* When a criminal case is appealed to the Supreme Court or Court of Appeals, a request to proceed in forma pauperis may be filed with the appellate court at any time after the record is docketed with the clerk of the court. Prior to the docketing of the record with the clerk of the appellate court, the trial court shall have exclusive jurisdiction to consider a request to proceed *in forma pauperis.* Any petition or motion requesting to proceed *in forma pauperis* that is filed with the appellate court before the record is docketed with the clerk of the court shall be returned for failure to comply with this Rule.

(b) *Pauper's oath and affidavit; requirement.* A petition or motion filed with the Supreme Court or Court of Appeals requesting to proceed *in forma pauperis* shall be accompanied by an assertion of indigency, verified by a supporting affidavit. The affidavit form will be provided by the Clerk of the Court for such purposes. Any petition or motion not in compliance with this Rule will be returned to the petitioner or counsel for failure to comply.

(c) *Form for affidavit in support of request to proceed in forma pauperis.* The form of the affidavit shall be as follows:

[*No change to current form in Rule 6-6*]

SLIP OPINION

(d) *Content of motions for attorney's fees*. All motions for attorney's fees from attorneys appointed to represent indigent appellants in criminal cases shall contain the following information: (1) the date of appointment; (2) the court that appointed counsel; (3) the number of hours expended by counsel in research, court appearances, and preparation of pleadings and briefs; (4) counsel's customary rate of compensation in similar cases; (5) the customary rate of compensation in similar cases of attorneys in the community; (6) expenses incurred by counsel that are directly attributable to the case; (7) the experience of counsel in the representation of criminal appellants; and (8) the relative complexity of the case. The motion shall be filed not later than 30 days after the issuance of the mandate.

**Reporter's Notes, 2013 Amendment**.

The 2013 amendment added subsection (a) to clarify which court has jurisdiction to consider a request to proceed *in forma pauperis*.